

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Orville S. Carpenter
Chairman and Executive Director
Texas Unemployment Compensation Commission
Austin, Texas

Dear Sir:

> Opinion No. O-1724
> Re: Applicability of sub-
> sections (1) and (4)
> of Section (f) of Art.
> 5221b-17, Vernon's Re-
> vised Civil Statutes,
> to factual situation
> hereinafter set out.

We received your letter of November 22, 1939, requesting our opinion as to the application of sub-sections (1) and (4), Section (f) of Article 5221b-17, Vernon's Annotated Civil Statutes, to the following fact situation which we quote from your letter as follows:

"A owns Newspaper N individually. He there has five individuals in employment during the calendar year 1938. A acquires ownership of Newspaper Z during the twenty-second week of 1938. Newspaper Z has two persons in employment during the first twenty-five weeks of the calendar year 1938. Newspaper Z is valued at $14,000. During the twenty-fifth week of 1938, A sells a $2,000 partnership interest in Newspaper Z to B. During the twenty-sixth week and all remaining weeks in 1938, Newspaper Z has six individuals in employment. The partnership agreement is not in writing and there is no agreement as to control or management of its operations.

"Does Section 19 (f) (4) apply to this fact situation to render both N and Z employers under the Texas Unemployment Compensation Act?"

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Sub-sections (1) and (4) of Section (f) reads as follows:

"(f)   'Employer' means

"(1)   Any employing unit which for some portion of a day but not necessarily simultaneously, in each of twenty (20) different weeks, whether or not such weeks are or were consecutive, within either the current or the preceding calendar year, has or had in employment eight (8) or more individuals (irrespective of whether the same individuals are or were employed in each such day);

"* * *

"(4)   Any employing unit which together with one or more other employing units, is owned or controlled (by legally enforceable means or otherwise) directly or indirectly by the same interest, or which owns or controls one or more other employing units (by legally enforceable means or otherwise), and which, if treated as a single unit with such other employing unit, would be an employer under paragraph (1) of this subsection;

"* * *."

The factual situation contained in your letter raises the question whether or not the owner of a six-sevenths (6/7) partnership interest in a newspaper owns or controls said partnership business within meaning of sub-section (4) of Section (f) of Article 5221b-17, supra, in the absence of an agreement as to the control and management of said partnership.

It is generally held that each partner, in the absence of an agreement to the contrary, has an equal right to control and manage the business.  49 Corpus Juris. ch. 295. It is also  the general rule that a partner does not own any particular interest in a partnership enterprise but his interest extends only to a proportionate share of what may remain after payment of the debts of the partnership and the settlement of its accounts.  Sherk v. Bank, 206 S. W. 507.

We are of the opinion that the Legislature, being familiar with the above rules, nevertheless, intended that an individual owning a six-sevenths (6/7) interest in a partner-

ship business does own or control the business in the absence of an agreement to the contrary. This intent is derived from sub-section (4) of Section (f) of Article 5221b-17, which provides that if one employing unit "owned or controlled (by legally enforceable means or otherwise) directly or indirectly", another employing unit, then they would be treated as one unit under the Act. The words "owned" and "controlled" are general terms and their meaning would vary according to their use.

This being true, Newspaper "N", which "A" owns outright, and Newspaper "Z", of which "A" owns a six-sevenths (6/7) partnership interest, are to be treated as one employing unit and are considered an employer within the Act. Beginning on the twenty-sixth (26th) week, both newspapers, together having eight (8) individuals in their employment would be liable for said taxes at the beginning of the forty-sixth (46th) week of the year, 1938.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

By Lee Shoptaw

Lee Shoptaw

LS:RS

APPROVED JAN 4, 1940

ATTORNEY GENERAL OF TEXAS